# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

HUNTINGTON LEARNING CENTERS, Inc.,

               Plaintiff,

                                        **Case No. 10-C-79**

       -vs-

BMW EDUCATION, LLC,
PAUL B. BUTLER and
KATHLEEN M. BUTLER,

               Defendants.

## DECISION AND ORDER

On March 5, the Court held that it would enjoin the defendants from operating the Huntington Learning Center in Mequon, Wisconsin, pending consideration of the appropriate amount of security. Rule 65(c) provides that a court "may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Despite the "seemingly mandatory language, Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*. In particular, '[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003)); *see also Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972) ("the matter of requiring a security in the first instance [rests] within the discretion of the district judge"). Furthermore, "[a]

bond may not be required, or may be minimal . . . where the movant has demonstrated a likelihood of success." *Ticketmaster L.L.C. v. RMT Techs., Inc.*, 507 F. Supp. 2d 1096, 1116 (C.D. Cal. 2007).

Defendants argue that the Court should require security in the amount of $300,000, the estimated amount of consequential damages if they are forced to shut down the Mequon facility. The security requirement is not meant to provide compensation for the straightforward consequences of an injunction. Damages are recoverable only if the defendant is "wrongfully enjoined." "A party has been 'wrongfully enjoined' under Fed. R. Civ. P. 65(c) if it is ultimately found that the enjoined party had at all times the right to do the enjoined act." *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1054 (2d Cir. 1990); *Nintendo of America, Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1036 (9th Cir. 1994) ("a party has been wrongfully enjoined within the meaning of Rule 65(c) when it turns out the party enjoined had the right all along to do what it was enjoined from doing"). Accordingly, the "purpose of an injunction bond is to compensate the defendant, *in the event he prevails on the merits*, for the harm that an injunction entered before the final decision caused him." *Ty, Inc. v. Publ'ns, Inc.*, 292 F.3d 512, 517 (7th Cir. 2002) (emphasis added).

Despite multiple opportunities, the defendants failed to demonstrate that they have *any* likelihood of prevailing on the merits in this litigation. As the Court previously observed, the defendants admit that they continue to operate the learning center despite the expiration of their franchise agreement. The defendants offered no substantive opposition to the merits of the plaintiff's motion for a preliminary injunction. The defendants pleaded

-2-

some boilerplate affirmative defenses (failure to state a claim, lack of subject matter jurisdiction,[1] lack of personal jurisdiction), but the defendants did not develop these arguments. If these defenses had any merit, it is reasonable to conclude that they would have been raised in opposition to Huntington's request for injunctive relief. Therefore, the Court finds that there is virtually no risk that the defendants will be wrongfully enjoined by the forthcoming injunction. No security is required.[2]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** effective immediately, BMW Education, LLC, Paul B. Butler and Kathleen M. Butler, their employees, agents, affiliates, subsidiaries, independent contractors, and all those who act in concert or participation with them, are hereby enjoined and restrained from:

1.      Marketing or promoting supplemental education services, individualized instruction in reading, phonics, study skills, mathematics, or related areas and any other businesses, together with or separate from Huntington's trademarks, service marks and logos (the "Huntington Marks") at 10906 North Port Washington Road, Mequon, WI ("Mequon Center") or within a five (5) mile radius of it;

---

[1] Of course, the Court has an independent duty to police the borders of its own jurisdiction. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994). The Court has subject matter jurisdiction pursuant to the plaintiff's claims under the Lanham Act. 28 U.S.C. § 1331. The Court may exercise supplemental jurisdiction over the pendent state law claims because they are part of the same case or controversy. 28 U.S.C. § 1367(a).

[2] *See, e.g., Petro Franchise Sys., LLC v. All Am. Prop., Inc.*, 607 F. Supp. 2d 781, 801 (W.D. Tex. 2009) (citing *Dunkin' Donuts Franchised Rest. LLC v. Shrijee Inv., Inc.*, No. 08-12836, 08-14213, 2008 WL 5384077, at *9 (E.D. Mich. Dec. 23, 2008) ("the strength of Dunkin's likelihood of success on the merits obviates any need for a bond. Accordingly, none shall be required")); *Winnett v. Caterpillar, Inc.*, 579 F. Supp. 2d 1008, 1043 (M.D. Tenn. 2008) (waiving bond requirement in light of plaintiff's strong likelihood of success on the merits); *Hadix v. Caruso*, 461 F. Supp. 2d 574, 600 (W.D. Mich. 2006) (same).

2.     Diverting or attempting to divert any present or prospective business or customer of any Huntington Learning Center to any Huntington competitor; or

3.     Owning, maintaining, operating, engaging in, being employed by, being a consultant to or having any interest in (as owner or otherwise), any business that is the same as, or similar to, a Huntington Learning Center within five (5) miles of 10906 North Port Washington, Mequon, WI, through December 31, 2011.

**IT IS FURTHER ORDERED THAT** effective immediately, BMW Education, LLC, Paul B. Butler and Kathleen M. Butler, their employees, agents, affiliates, subsidiaries, independent contractors, and all those who act in concert or participation with them shall return to or provide to Huntington:

1.     All Huntington confidential information associated with the Mequon Center, including, but not limited to, the Operations Manual and curriculum;

2.     All Mequon Center student contracts;

3.     A list of all Mequon Center customer names; and

4.     Contact information for each Mequon Center customer.

**IT IS FURTHER ORDERED THAT** BMW Education, LLC, Paul B. Butler and Kathleen M. Butler, their employees, agents, affiliates, subsidiaries, independent contractors, and all those who act in concert or participation with them shall assign to Huntington all telephone numbers associated with the Mequon Center;

**IT IS FURTHER ORDERED THAT**, in accordance with 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, this matter is **TRANSFERRED** to the chambers of Magistrate Judge Patricia J. Gorence for all further proceedings.

-4-

Dated at Milwaukee, Wisconsin, this 15th day of March, 2010.

**SO ORDERED,**


_s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**